## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ASHLEY DAVIS<br>7428 Rhoads Street<br>Philadelphia, PA 19151<br><br>       Plaintiff,<br><br>       v.<br><br>HARCUM JUNIOR COLLEGE<br>d/b/a HARCUM COLLEGE<br>750 Montgomery Avenue<br>Bryn Mawr, PA 19010<br><br>       Defendant. | **CIVIL ACTION**<br><br>NO.: _____<br><br><br><br><br><br>**JURY TRIAL DEMANDED** |

## CIVIL ACTION COMPLAINT

Ashley Davis (hereinafter referred to as "Plaintiff," unless indicated otherwise) by and through her undersigned counsel, hereby avers as follows:

### INTRODUCTION

1. Plaintiff has initiated this action to redress violations by Harcum Junior College d/b/a Harcum College (hereinafter referred to as "Defendant") of Title VII of the Civil Rights Act of 1964 ("Title VII" – 42 U.S.C. §§ 2000e *et seq.*) and the Pennsylvania Human Relations Act ("PHRA")[1]. As a direct consequence of Defendant's unlawful actions, Plaintiff seeks damages as set forth herein.

### JURISDICTION AND VENUE

2. This Court has original subject matter jurisdiction over the instant action pursuant to 28 U.S.C. §§ 1331 and 1343(a)(4) because it arises under the laws of the United States and seeks redress for violations of federal laws.

---

[1] Plaintiff's claims under the PHRA are referenced herein for notice purposes. She is required to wait 1 full year before initiating a lawsuit from date of dual-filing with the EEOC. Plaintiff must however file her lawsuit in advance of same because of the date of issuance of her federal right-to-sue-letter under Title VII. Plaintiff's PHRA claims however will mirror identically her federal claims under Title VII.

3. There lies supplemental jurisdiction over Plaintiff's state-law claims because they arise out of the same common nucleus of operative facts as Plaintiff's federal claims asserted herein.

4. This Court may properly assert personal jurisdiction over Defendant because its contacts with this state and this judicial district are sufficient for the exercise of jurisdiction over Defendant to comply with traditional notions of fair play and substantial justice, satisfying the standard set forth by the United States Supreme Court in *Int'l Shoe Co. v. Washington*, 326 U.S. 310 (1945), and its progeny.

5. Pursuant to 28 U.S.C. § 1391(b)(1) and (b)(2), venue is properly laid in this district because Defendant is deemed to reside where it is subjected to personal jurisdiction, rendering Defendant a resident of the Eastern District of Pennsylvania, and because all acts and omissions giving rise to the claims set forth herein occurred in this judicial district.

6. Plaintiff is proceeding herein under Title VII and has properly exhausted her administrative remedies with respect to such claims by timely dual filing a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC") and Pennsylvania Human Relations Commission ("PHRC") and by filing the instant lawsuit within ninety (90) days of receiving a notice of dismissal and/or right to sue letter from the EEOC.

## **PARTIES**

7. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

8. Plaintiff is an adult individual with an address as set forth in the caption.

9. Defendant Harcum Junior College d/b/a Harcum College is a private associate-degree granting college located in Bryn Mawr, Pennsylvania, which employs more than 100 employees.

10. At all relevant times herein, Defendant acted by and through its agents, servants and employees, each of whom acted at all times relevant herein in the course and scope of their employment with and for the Defendant.

## FACTUAL BACKGROUND

11. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

12. Plaintiff is a Muslim woman.

13. Plaintiff was hired by Defendant on or about August 18, 2024, as a Campus Safety Officer.

14. At the time of Plaintiff's hire, Defendant was aware that Plaintiff worked another full-time job. Accordingly, Plaintiff was hired to work part-time hours.

15. Plaintiff's schedule was created by Defendant's Assistant Director of Campus Safety, Montae Roundtree (hereinafter "Roundtree"), to reflect her part-time availability. Plaintiff was scheduled to work every other Friday through Wednesday morning from 7:00 AM to 3:00 PM.

16. At all times relevant herein, Plaintiff reported to and was supervised by Defendant's Lead Campus Safety Officer, James Lambert (hereinafter "Lambert").

17. Plaintiff was a hard-working employee who performed her job well and lacked any history of progressive discipline.

18. On or about February 28, 2025, Plaintiff began wearing a Shayla (a traditional Muslim head covering) and Muslim garments to work every day, in accordance with her religious beliefs and practices. Plaintiff wore her uniform shirt on top of her Muslim garments.

19. Shortly after Plaintiff began wearing religious attire to work, she began to experience religious discrimination and harassment from Lambert and Defendant.

20. On or about May 6, 2025, Lambert and Plaintiff were in the office preparing for graduation when Lambert looked at Plaintiff and told her not to wear "Muslim stuff" to graduation, stating: "I have seen you with your hair and makeup done, you should just come like that." This comment was designed to discourage Plaintiff from practicing her religion and objectified Plaintiff by having her supervisor comment inappropriately on her appearance.

21. Throughout Plaintiff's employment, Defendant held meetings and sent emails to staff directing that "no head scarfs" were allowed.

22. Plaintiff was the only employee in those meetings who wore a Shayla and Muslim garments to work, making this directive specifically targeted at her.

23. On one occasion, Lambert was training Plaintiff and stood over her. Plaintiff informed Lambert that as a covered Muslim woman, a man is not supposed to stand over her in that manner.

24. Rather than respecting Plaintiff's religious practice, Lambert took offense at her correction and began treating her disparagingly. Lambert also refused to stop standing over Plaintiff even after she informed him it made her uncomfortable due to her gender and religious practices.

25. In addition to the religious discrimination, Plaintiff was also subjected to sex discrimination. Lambert was overheard saying "we don't need to hire anymore female officers" on multiple occasions.

26. Lambert also engaged in a pattern of harassment toward Plaintiff. Lambert would consistently text Plaintiff at inappropriate hours regarding issues that were not urgent and could have been addressed when Plaintiff was working.

27. In or about March 2025, Plaintiff was in her car in the parking lot at work at 6:40 AM – twenty minutes before her 7:00 AM shift was scheduled to begin – when Lambert

approached her car and banged on the glass of her window, demanding that she roll down the window for no urgent reason. This incident terrified Plaintiff.

28. On multiple occasions, Lambert would stand at the window of Plaintiff's car while she was in the parking lot, scream her name across the parking lot, and attempt to pull her into meetings before she was clocked in to discuss matters that could have waited until she was on duty, such as comments about her assignments for the day.

29. On or about June 2, 2025, Plaintiff filed a formal complaint against Lambert with Defendant's Human Resources Department. Plaintiff spoke with Defendant's HR Coordinator, Kimberlynn Brown-Trent (hereinafter "Brown-Trent"), who took notes and wrote everything up to give to Defendant's Associate Vice President of HR, Hunt Bartine (hereinafter "Bartine").

30. In her formal complaint to Brown-Trent, Plaintiff complained about Lambert's discriminatory and harassing conduct toward her based on her gender and religion, including the sexual harassment she had been subjected to.

31. Plaintiff specifically reported the foregoing examples of Lambert's conduct alleged in this Complaint, but which are in no way an exhaustive list of Lambert's discriminatory, harassing, and retaliatory conduct towards Plaintiff during her employment.

32. During Plaintiff's conversation with Brown-Trent on or about June 2, 2025, Brown-Trent mentioned to Plaintiff that Defendant had "never had a religious discrimination claim."

33. Upon information and belief, a previous Muslim female employee of Defendant was discriminated against by Lambert and resigned rather than file a complaint.

34. Plaintiff's complaint of discrimination and harassment to HR was never properly investigated or addressed.

5

35. Plaintiff had a follow-up conversation with Bartine wherein he asked the same questions as Brown-Trent had asked, and they reviewed the same points of Plaintiff's complaint. After this one follow-up conversation, nothing else was done regarding Plaintiff's complaint.

36. Following Plaintiff's formal complaint to HR regarding Lambert's discriminatory and harassing conduct, Lambert created an increasingly hostile work environment through retaliation.

37. Lambert repeatedly told other officers that Plaintiff had called out of work when that was false.

38. Roundtree, who oversaw scheduling, would schedule Plaintiff off for a day and Lambert would tell other officers at work that Plaintiff had "no-call/no-showed," which was false.

39. Lambert also spread rumors that Plaintiff was disrespectful at work.

40. After Plaintiff's formal complaint to HR, Lambert began to take issue with Plaintiff's schedule and started asking Plaintiff to work extra shifts that she mostly could not work because of her full-time job – a fact of which Defendant was aware at the time of her hire – or because the requests were made on such short notice that it was impossible to accommodate them.

41. Plaintiff was never asked directly about taking additional shifts. Instead, Defendant used a phone application whereby Roundtree controlled the updated schedules. The frequent lack of updated schedules with last-minute schedule changes was an ongoing issue with Defendant that Plaintiff and her coworkers complained about.

42. In or about July 2025, a Staff Evaluation Form was filled out regarding Plaintiff's performance.

43. On or about August 1, 2025, Plaintiff was presented with an unwarranted 90-day Performance Improvement Plan ("PIP").

44. On or about August 12, 2025, Plaintiff received a pretextual "Final Warning" for alleged issues that were post-dated back to in or about April 2025.

45. Each of the alleged incidents was written from the point of view of Lambert and contained false accusations.

46. The "Final Warning" stated that Plaintiff would be evaluated every two weeks by her supervisor on her performance. Plaintiff refused to sign the document because Lambert was still continuously discriminating against and retaliating against her.

47. Plaintiff did not believe it was appropriate to sign a "warning" when her complaint to HR had not been properly investigated or remedied by Defendant and all the allegations against her originated directly from Lambert – the very person about whom she had complained.

48. These poor performance evaluations and disciplinary actions were clearly retaliatory because of Plaintiff's complaint to HR regarding Lambert and were designed to create a paper trail against Plaintiff in order to expedite her termination.

49. On or about September 22, 2025, Plaintiff worked her full workday before being called into a meeting with Roundtree, Bartine, and Defendant's Director of Campus Safety, Rick SanFilippo (hereinafter "SanFilippo").

50. During this meeting, SanFilippo informed Plaintiff that she was terminated from her employment with Defendant because she does not "take on extra shifts" and her availability does not "work for them."

51. The stated reasons for Plaintiff's termination were pretextual. Defendant was aware of Plaintiff's full-time job and part-time availability at the time of her hire and scheduled her accordingly. Plaintiff's availability had not changed since her hire.

52. At the time of her termination, Plaintiff was offered a severance agreement which would have required her to forfeit all claims of discrimination against Defendant. Plaintiff declined to sign the severance agreement.

53. Plaintiff believes and therefore avers that she was subjected to a hostile work environment and ultimately terminated in violation of Title VII and the PHRA because of her sex and/or religion and/or in retaliation for her protected activity of reporting discrimination and harassment.

## COUNT I
### Violation of Title VII of the Civil Rights Act of 1964
([1] Sex Discrimination; [2] Religious Discrimination; [3] Retaliation; [4] Hostile Work Environment)

54. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

55. Plaintiff was subjected to a hostile work environment through disparate treatment, discriminatory comments, harassment, pretextual discipline, and intentional interference with her ability to perform her job because of her sex and/or religion and/or in retaliation for expressing concerns about discrimination and harassment.

56. Plaintiff believes and therefore avers that she was placed on a PIP, given a Final Warning, and ultimately terminated from her employment because of her sex and/or religion and/or in retaliation for complaining about discrimination and harassment.

57. These actions as aforesaid constitute unlawful sex discrimination, religious discrimination, and retaliation under Title VII.

**WHEREFORE**, Plaintiff prays that this Court enter an Order providing that:

A. Defendant is to promulgate and adhere to a policy prohibiting discrimination, harassment, and retaliation in the future against any employee(s);

B. Defendant is to compensate Plaintiff, reimburse Plaintiff, and make Plaintiff whole for any and all pay and benefits Plaintiff would have received had it not been for

Defendant's illegal actions, including but not limited to back pay, front pay, salary pay increases, bonuses, insurance, benefits, training, promotions, reinstatement and seniority;

    C.    Plaintiff is to be awarded compensatory damages as permitted by applicable law, in an amount believed by the Court or trier of fact to be appropriate to compensate Plaintiff for emotional distress, pain, suffering and humiliation caused by Defendant's conduct;

    D.    Plaintiff is to be awarded punitive damages as permitted by applicable law, in an amount believed by the Court or trier of fact to be appropriate to punish Defendant for its willful, deliberate, malicious and outrageous conduct and to deter Defendant or other employers from engaging in such misconduct in the future;

    E.    Plaintiff is to be accorded other equitable and legal relief as the Court deems just, proper and appropriate;

    F.    Plaintiff is to be awarded the costs and expenses of this action and reasonable attorney's fees as provided by applicable federal and state law; and

    G.    Plaintiff is to be given a jury trial as demanded in the caption of this Complaint.

**KARPF, KARPF & CERUTTI, P.C.**

Ari R. Karpf, Esq. (91538)
Timothy S. Seiler, Esq. (316913)
Charles M. Scott, Esq. (326926)
8 Interplex Drive, Suite 210
Feasterville-Trevose, PA 19053
P: (215) 639-0801
F: (215) 639-4970
akarpf@karpf-law.com
tseiler@karpf-law.com
cscott@karpf-law.com
*Counsel for Plaintiff*

Dated: December 18, 2025

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

## CASE MANAGEMENT TRACK DESIGNATION FORM

| | | |
|---|---|---|
| Ashley Davis | : | CIVIL ACTION |
| v. | : | |
| Harcum Junior College d/b/a Harcum College | : | NO. |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.          ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health and Human Services denying plaintiff Social Security Benefits.          ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.          ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from exposure to asbestos.          ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are commonly referred to as complex and that need special or intense management by the court. (See reverse side of this form for a detailed explanation of special management cases.)          ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks.          (x)

| 12/18/2025 | *[signature]* | | Plaintiff |
|---|---|---|---|
| **Date** | **Attorney-at-law** | | **Attorney for** |
| 215-639-0801 | 215-639-4970 | | akarpf@karpf-law.com |
| **Telephone** | **FAX Number** | | **E-Mail Address** |

(Civ. 660) 10/02

**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

**DESIGNATION FORM**

Place of Accident, Incident, or Transaction: __Defendants place of business__

---

***RELATED CASE IF ANY:*** Case Number:_____ Judge:_____

1. Does this case involve property included in an earlier numbered suit?  Yes ☐

2. Does this case involve a transaction or occurrence which was the subject of an earlier numbered suit?  Yes ☐

3. Does this case involve the validity or infringement of a patent which was the subject of an earlier numbered suit?  Yes ☐

4. Is this case a second or successive habeas corpus petition, social security appeal, or pro se case filed by the same individual?  Yes ☐

5. Is this case related to an earlier numbered suit even though none of the above categories apply? If yes, attach an explanation.  Yes ☐

I certify that, to the best of my knowledge and belief, the within case ☐ **is** / ☒ **is not** related to any pending or previously terminated action in this court.

---

**Civil Litigation Categories**

*A. Federal Question Cases:*

☐ 1. Indemnity Contract, Marine Contract, and All Other Contracts)
☐ 2. FELA
☐ 3. Jones Act-Personal Injury
☐ 4. Antitrust
☐ 5. Wage and Hour Class Action/Collective Action
☐ 6. Patent
☐ 7. Copyright/Trademark
☐ 8. Employment
☐ 9. Labor-Management Relations
☒ 10. Civil Rights
☐ 11. Habeas Corpus
☐ 12. Securities Cases
☐ 13. Social Security Review Cases
☐ 14. Qui Tam Cases
☐ 15. Cases Seeking Systemic Relief  *see certification below*
☐ 16. All Other Federal Question Cases. *(Please specify)*:_____

*B. Diversity Jurisdiction Cases:*

☐ 1. Insurance Contract and Other Contracts
☐ 2. Airplane Personal Injury
☐ 3. Assault, Defamation
☐ 4. Marine Personal Injury
☐ 5. Motor Vehicle Personal Injury
☐ 6. Other Personal Injury (*Please specify*):_____
☐ 7. Products Liability
☐ 8. All Other Diversity Cases: *(Please specify)*_____

I certify that, to the best of my knowledge and belief, that the remedy sought in this case ☐ **does** / ☒ **does not** have implications beyond the parties before the court and ☐ **does** / ☒ **does not** seek to bar or mandate statewide or nationwide enforcement of a state or federal law including a rule, regulation, policy, or order of the executive branch or a state or federal agency, whether by declaratory judgment and/or any form of injunctive relief.

---

**ARBITRATION CERTIFICATION (CHECK ONLY ONE BOX BELOW)**

I certify that, to the best of my knowledge and belief:

☒ Pursuant to Local Civil Rule 53.2(3), this case is not eligible for arbitration either because (1) it seeks relief other than money damages; (2) the money damages sought are in excess of $150,000 exclusive of interest and costs; (3) it is a social security case, includes a prisoner as a party, or alleges a violation of a right secured by the U.S. Constitution, or (4) jurisdiction is based in whole or in part on 28 U.S.C. § 1343.

☐ None of the restrictions in Local Civil Rule 53.2 apply and this case is eligible for arbitration.

NOTE: A trial de novo will be by jury only if there has been compliance with F.R.C.P. 38.

JS 44 (Rev. 04/21)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
DAVIS, ASHLEY

**(b)** County of Residence of First Listed Plaintiff: Philadelphia
*(EXCEPT IN U.S. PLAINTIFF CASES)*

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Ari R. Karpf, Esq.; Karpf, Karpf & Cerutti, P.C., 8 Interplex Drive, Suite 210, Feasterville-Trevose, PA 19053; 215-639-0801; akarpf@karpf-law.com

## DEFENDANTS
HARCUM JUNIOR COLLEGE D/B/A HARCUM COLLEGE

County of Residence of First Listed Defendant: Montgomery
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*
- [ ] 1 U.S. Government Plaintiff
- [ ] 2 U.S. Government Defendant
- [X] 3 Federal Question *(U.S. Government Not a Party)*
- [ ] 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)* *(For Diversity Cases Only)*

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [ ] 1 | [ ] 1 | Incorporated *or* Principal Place of Business In This State | [ ] 4 | [ ] 4 |
| Citizen of Another State | [ ] 2 | [ ] 2 | Incorporated *and* Principal Place of Business In Another State | [ ] 5 | [ ] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*
Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| [ ] 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | [ ] 625 Drug Related Seizure of Property 21 USC 881 | [ ] 422 Appeal 28 USC 158 | [ ] 375 False Claims Act |
| [ ] 120 Marine | [ ] 310 Airplane | [ ] 365 Personal Injury - Product Liability | [ ] 690 Other | [ ] 423 Withdrawal 28 USC 157 | [ ] 376 Qui Tam (31 USC 3729(a)) |
| [ ] 130 Miller Act | [ ] 315 Airplane Product Liability | [ ] 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | **INTELLECTUAL PROPERTY RIGHTS** | [ ] 400 State Reapportionment |
| [ ] 140 Negotiable Instrument | [ ] 320 Assault, Libel & Slander | | | [ ] 820 Copyrights | [ ] 410 Antitrust |
| [ ] 150 Recovery of Overpayment & Enforcement of Judgment | [ ] 330 Federal Employers' Liability | [ ] 368 Asbestos Personal Injury Product Liability | | [ ] 830 Patent | [ ] 430 Banks and Banking |
| [ ] 151 Medicare Act | [ ] 340 Marine | | | [ ] 835 Patent - Abbreviated New Drug Application | [ ] 450 Commerce |
| [ ] 152 Recovery of Defaulted Student Loans (Excludes Veterans) | [ ] 345 Marine Product Liability | **PERSONAL PROPERTY** | **LABOR** | [ ] 840 Trademark | [ ] 460 Deportation |
| [ ] 153 Recovery of Overpayment of Veteran's Benefits | [ ] 350 Motor Vehicle | [ ] 370 Other Fraud | [ ] 710 Fair Labor Standards Act | [ ] 880 Defend Trade Secrets Act of 2016 | [ ] 470 Racketeer Influenced and Corrupt Organizations |
| [ ] 160 Stockholders' Suits | [ ] 355 Motor Vehicle Product Liability | [ ] 371 Truth in Lending | [ ] 720 Labor/Management Relations | | [ ] 480 Consumer Credit (15 USC 1681 or 1692) |
| [ ] 190 Other Contract | [ ] 360 Other Personal Injury | [ ] 380 Other Personal Property Damage | [ ] 740 Railway Labor Act | **SOCIAL SECURITY** | [ ] 485 Telephone Consumer Protection Act |
| [ ] 195 Contract Product Liability | [ ] 362 Personal Injury - Medical Malpractice | [ ] 385 Property Damage Product Liability | [ ] 751 Family and Medical Leave Act | [ ] 861 HIA (1395ff) | [ ] 490 Cable/Sat TV |
| [ ] 196 Franchise | | | | [ ] 862 Black Lung (923) | [ ] 850 Securities/Commodities/ Exchange |
| | | | [ ] 790 Other Labor Litigation | [ ] 863 DIWC/DIWW (405(g)) | |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | [ ] 791 Employee Retirement Income Security Act | [ ] 864 SSID Title XVI | [ ] 890 Other Statutory Actions |
| [ ] 210 Land Condemnation | [ ] 440 Other Civil Rights | **Habeas Corpus:** | | [ ] 865 RSI (405(g)) | [ ] 891 Agricultural Acts |
| [ ] 220 Foreclosure | [ ] 441 Voting | [ ] 463 Alien Detainee | | **FEDERAL TAX SUITS** | [ ] 893 Environmental Matters |
| [ ] 230 Rent Lease & Ejectment | [X] 442 Employment | [ ] 510 Motions to Vacate Sentence | | [ ] 870 Taxes (U.S. Plaintiff or Defendant) | [ ] 895 Freedom of Information Act |
| [ ] 240 Torts to Land | [ ] 443 Housing/ Accommodations | [ ] 530 General | | [ ] 871 IRS—Third Party 26 USC 7609 | [ ] 896 Arbitration |
| [ ] 245 Tort Product Liability | [ ] 445 Amer. w/Disabilities - Employment | [ ] 535 Death Penalty | **IMMIGRATION** | | [ ] 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| [ ] 290 All Other Real Property | [ ] 446 Amer. w/Disabilities - Other | **Other:** | [ ] 462 Naturalization Application | | |
| | [ ] 448 Education | [ ] 540 Mandamus & Other | [ ] 465 Other Immigration Actions | | [ ] 950 Constitutionality of State Statutes |
| | | [ ] 550 Civil Rights | | | |
| | | [ ] 555 Prison Condition | | | |
| | | [ ] 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*
- [X] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from Another District *(specify)*
- [ ] 6 Multidistrict Litigation - Transfer
- [ ] 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
Title VII (42USC2000)
Brief description of cause:
Violations of Title VII and the PHRA.

## VII. REQUESTED IN COMPLAINT:
- [ ] CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.
- **DEMAND $**
- CHECK YES only if demanded in complaint:
- **JURY DEMAND:** [X] Yes [ ] No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE _____  DOCKET NUMBER _____

DATE: 12/18/2025
SIGNATURE OF ATTORNEY OF RECORD: *(signature)*

**FOR OFFICE USE ONLY**
RECEIPT #  AMOUNT  APPLYING IFP  JUDGE  MAG. JUDGE